# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

KENNETH RAY PITTS,                                                                      PLAINTIFF
ADC #085938

v.                                       4:20-cv-00058-BSM-JJV

PAUL SCOTT, Doctor,
Correct Care Solutions, *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Kenneth Ray Pitts ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint alleging Defendant APN Lerizza Nunag violated his constitutional rights, as protected by 42 U.S.C. § 1983. (Doc. No. 2.) Specifically, Plaintiff says that, in 2019 and 2020, Defendant Nunag failed to provide him with constitutionally adequate medical care by improperly monitoring his blood sugar, giving him incorrect medication for cataracts, and refusing to refer him to an eye doctor for cataract surgery.[1] (*Id.*) He seeks monetary and injunctive relief. (*Id.*)

Defendant Nunag has filed a Motion for Summary Judgment arguing all claims against her should be dismissed without prejudice because Plaintiff did not properly exhaust his administrative remedies before filing this lawsuit. (Doc. Nos. 50, 51, 52.) Plaintiff has filed a Response (Doc. No. 55.) He has also filed a Motion to Dismiss Defendant's Motion for Summary

---

[1] All other claims and Defendants were dismissed without prejudice during screening mandated by 28 U.S.C. § 1915A. (Doc. No. 27.)

2

Judgment and a Brief arguing the merits of his claim against Defendant Nunag.[2] (Doc. Nos. 56, 57.) But, a trial court must resolve the issue of exhaustion first, and it cannot address the merits of any unexhausted claims. *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion); *Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion). After carefully reviewing the pleadings and for the following reasons, I conclude Defendant's Motion for Summary Judgment should be GRANTED, Plaintiff's Motion to Dismiss should be DENIED, and Plaintiff's claims against Defendant Nunag should be DISMISSED without prejudice.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if

---

[2] For instance, Plaintiff alleges he lost fifty pounds (230 to 180 pounds) from March to June of 2019. (Doc. No. 56 at 1-2.)

its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.  ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court.[3] *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018). Exhaustion under the PLRA is mandatory and is required for all actions "brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To properly exhaust administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones,* 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion." *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019); *King v. Iowa Dept. of Corr.*, 598 F.3d 1015, 1054 (8th Cir. 2010). Thus, whether an inmate has properly exhausted administrative remedies will depend on the specific requirements of the prison's grievance policy.

The ADC grievance policies in effect at the time of the alleged constitutional violations

---

[3] Although the relevance is unclear, Plaintiff points out that, pursuant to Arkansas Act 937 of 1997, prisoners must also exhaust their administrative remedies within the prison's grievance procedure before filing a complaint with an Arkansas state licensing board. (Doc. No. 56 at 4-5); *see also* Ark. Code. Ann. § 25-15-211(d)(1).

were Administrative Directives 14-16 and 19-20.  (Doc. No. 51-1; No. 51-2.)  Pursuant to these Directives, the first step is for an inmate to file an informal resolution with the designated problem solver within fifteen days of the incident.  (*Id*.)  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form.  (Doc. No. 51-1 at 5-6; No. 51-2 at 6.)  Following an attempt at informal resolution, an inmate may proceed to step two by filing a formal grievance with the Health Services Administrator within three working days of receiving a response to the informal resolution.  (*Id.*)  The HSA must provide a written response within twenty working days of receiving the formal grievance.  (*Id.*)  An inmate may then proceed to step three by appealing, within five working days, to the ADC Deputy Director for Health and Correctional Programs.  (*Id*.)  "A written decision or rejection of an appeal at this level is the end of the grievance process."  (Doc. No. 51-1 at 12; No. 51-2 at 13.)  If ADC personnel are late in responding at step two or three, prisoners may proceed to the next step without a response.  (*Id.*)  Finally, the Administrative Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants *at all levels* of the grievance procedures *before* filing a Section 1983 lawsuit and Claims Commission claim.  If this is not done, their lawsuits or claims may be dismissed immediately.

(Doc. No. 51-1 at 17; No. 51-2 at 19) (emphasis added.)

According to the ADC Medical Grievance Supervisor's Declaration (Doc. No. 51-4), Plaintiff filed fifteen grievances between January 1, 2019, which is when his allegations against Defendant Nunag began, and January 15, 2020, which is when he filed this lawsuit.  *See Booth v. Churner,* 532 U.S. 731, 733 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"); *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003) ("an inmate

must exhaust administrative remedies before filing suit in federal court" and dismissal is mandatory if "exhaustion was not completed at the time of filing"). Plaintiff has not offered any contrary evidence.

Seven of those grievances (CU-19-40, CU-19-41, CU-19-127, CU-19-183, CU-19-244, CU-19-656, CU-19-754) are fully exhausted. (Doc. No. 51-3.) But, they deal with medical care Plaintiff received from many individuals for a variety of *unrelated* medical problems such as acid reflux, orthopedic pain, dental issues, headaches, seizures, and dry skin -- and *not* the blood sugar and cataract claims he is raising against Defendant Nunag in this lawsuit. (*Id*.) Thus, these grievances are irrelevant. *See Townsend,* 898 F.3d at 784 (no exhaustion when a prisoner's grievance did not contain "the specific factual allegations that would later appear in his federal complaint"); *Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014) (no exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit). The remaining eight grievances (CU-19-424, CU-19-1201, CU-19-1204, CU-19-1319, CU-19-1320, CU-19-1400, CU-19-1404, CU-19-1504) were not appealed through the final stage of the ADC's grievance procedure. *See, e.g., Porter v. Sturm*, 781 F.3d 448, 449, 452 (8th Cir. 2015) (dismissal without prejudice was mandatory when a prisoner failed to appeal through the final stage of the grievance procedure); *Burns*, 752 F.3d at 1141 (same). And, theses unexhausted grievances deal with irrelevant medical matters rather than Plaintiff's cataract and blood sugar claims against Defendant Nunag. Thus, I conclude Plaintiff did not properly exhaust his administrative remedies.

And, there is no evidence administrative remedies were unavailable to him. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust only "available" administrative remedies); *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (administrative remedies are "unavailable" when "prison

6

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). Although Defendant's Brief overlooks the matter, Plaintiff alleges in his Complaint and "Motion for Administrative Remedies Exhausted" that administrative remedies were unavailable because ADC officials failed to respond to or sign his unspecified grievances.[4] (Doc. No. 2 at 4; No. 6.) But, as previously explained, the ADC grievance procedure allowed Plaintiff to proceed to the next step of the process in such instances. And, there is no evidence any *relevant* grievance was rejected or denied as being untimely or unsigned. Also, construing Plaintiff's Summary Judgment Responses very broadly, it appears he may be arguing he should have been excused from exhausting his administrative remedies because his rapid weight lost was an emergency. (Doc. Nos. 55, 56, 57.) That argument has no merit because the ADC grievance procedure has an expedited process for emergency matters, and there is no evidence Plaintiff used or was prevented from using this expedited process about the claims he is attempting to raise against Defendant Nunag in this lawsuit. (Doc. No. 51-1 at 2, 6; No. 51-2 at 2, 7).

For these reasons, I conclude Defendant Nunag is entitled to dismissal because Plaintiff failed to properly exhaust his available administrative remedies regarding the cataract and blood sugar claims raised against her in this lawsuit. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in

---

[4] The failure to exhaust administrative remedies is an affirmative defense that must be proved by the defendants. *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015). And, the defendant's burden includes showing that administrative remedies were available to the prisoner. *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001); *see also English v. Payne*, No. 16-4404, 2018 WL 2012914 (8th Cir. Apr. 30, 2018) (unpublished decision). This means that, when moving for summary judgment, the defendants must respond to a prisoner's assertions, that are already in the record, about the unavailability of administrative remedies.

court"). I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Motion to Dismiss Defendant's Motion For Summary Judgment (Doc. No. 56) be DENIED.

2. Defendant's Motion for Summary Judgment (Doc. No. 50) be GRANTED, Plaintiff's claims against Defendant Nunag be DISMISSED without prejudice, and this case be CLOSED.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 29th day of May 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE